IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**  *
    *Appellee*
                                            *
vs.
                                            *   **Case No.: 14-4238**

**KENNETH WATFORD,**            *
    *Appellant*
                                            *

**MEMORANDUM IN SUPPORT OF APPEAL
OF DEFENDANT'S PRE-TRIAL DETENTION**

Appellant/Defendant, Kenneth Watford, by and through his attorney, Marc G. Hall moves this Honorable Court pursuant to Rule 9(a) of the Federal Rules of Appellate Procedure and 18 U.S.C. 3145(c) for an order to review and reverse the order originally entered by the United States District Court for the District of Maryland on March 10, 2014 and a further order releasing defendant on own recognizance, surety bond or under the supervision of Pre-Trial Services pending the outcome of his case in the United States District Court and for reasons states as follows:.

**PROCEDURAL HISTORY**

The defendant is charged with wire fraud and related offenses with a current trial date of October 28, 2014. The defendant was first charged in this matter on March 5, 2013 and released from Pre-trial detention on March

1

7, 2013. On March 19, 2013, Magistrate Judge Connelly granted Mr.Watford's Consent Motion to Modify his conditions of release, to allow for certain local travel rights.

On April 18, 2013, Magistrate Judge Connelly granted Mr.Watford's Consent Motion to further modify his conditions of release: the curfew requirement was eliminated; and Mr. Watford was permitted to travel to North Carolina to attend to his business affairs with prior notification to his pretrial officer.

On July 17, 2013, Magistrate Judge Connelly granted Mr.Watford's Consent Motion to remove all travel restrictions, with the proviso that Mr. Watford inform his Pretrial Services Officer of his travel plans and contact information when traveling.

According to Pretrial Officer Troy Scott, Mr. Watford's adjustment to Pretrial Release was satisfactory from March- September 2013. Mr. Watford reported to or contacted Mr. Scott as directed and ordered, including when Mr. Watford traveled to North Carolina where he has business matters. In addition, Mr. Watford was subject to periodic drug testing. His drug tests have all been negative.

Subsequently on November 5, 2013, Pretrial Services filed a Petition for Review of Release Conditions. On November 14, 2013, Magistrate

2

Judge Connelly conducted an initial Bail Review Hearing on Mr. Watford's status. On November 14, 2013, the continuation of the Bail Review Hearing was set for November 15, 2013. However the November 15th date was continued prior to court until November 19, 2013, at 3:00 pm. On November 14, 2013, previous counsel, Peter Goldman informed Mr. Watford not to appear in Court on November 15, 2013, and that the continued Bail Review Hearing was re-set for November 19, 2013.

The Pretrial Office and the Government alleged that Mr. Watford had traveled to North Carolina in October 2013 without informing his Pretrial Officer, and where he conducted business (registering a car) and moved from his residence on or around October 3, 2013 without informing Pretrial Services; Watford did Not disclose the move until mid-November 2013; and that Mr. Watford obtained a fraudulent credit card and used it in North Carolina. Magistrate Judge Connelly revoked Mr. Watford's Pretrial Release based upon these three findings because the United States Attorney alleged the defendant had engaged in further criminal conduct. The revocation of the defendant's pre-trial release was subsequently reviewed by Peter J. Messitte, Senior Judge, United States District Court and the revocation by the Magistrate was upheld on March 10, 2014. In that hearing Judge Messitte found that the Defendant was both a flight risk as well as a danger to the

3

community. Following that review hearing the defendant/appellant filed a timely appeal of this matter to this Court filed, March 21, 2014.

## STANDARD OF REVIEW

The standard of appellate review in this court is independent review of the entire record to determine if the detention of the decision was correct. *United States v. Williams,* 753 F.2d 329 (4th Cir 1985). In considering a request for release under 18 U.S.C. 3142-3145 this court must therefore conduct its own review as to whether there are conditions or a combination of conditions that will insure that the person is not likely to flee or pose a danger to the safety of other persons in the community.

## ARGUMENT

Appellant meets the first qualification for release in that there is clear and convincing evidence that the appellant is not likely to flee.

Mr. Watford and his family are under a substantial financial strain. Due to Mr. Watford's financial struggles, he and his family were forced to move from their home in early October 2013, into an Executive Inn Suites, located in Prince George's County, in the vicinity of his previous home. Mr. Watford did not move out of the immediate area of the jurisdiction of the Court, or far from his former home. Mr. Watford did not in any manner abscond from the area.

4

In the rush and confusion of having been evicted and having to move out of his home and into the Executive Inn Suites, Mr. Watford forgot to inform Mr. Scott the eviction. However, the very next day he called Mr. Scott and informed him of his eviction and indicated when he had the details of a new address he would call back. On October 17th he called again and spoke to Gina Gonsalves of the Pre-trial office and provided the new address and personally confirmed it with Mr. Scott on the 18th.

Mr. Watford traveled to North Carolina in October 2013 regarding business interests he has there. The fact that Mr. Watford has business interests in North Carolina has been known to Pretrial Services for some time. Failure to notify Mr. Scott of this trip, if any, was nothing more than an oversight on Mr. Watford's part. Mr. Watford has traveled out of the area on several occasions, and he has always informed and cooperated with Pretrial Services. If he failed to notify Mr. Scott prior to this trip, it was an oversight. Pretrial Officer Scott, in a telephone conversation with previous counsel, acknowledged that these alleged violations, by themselves, may not warrant Pretrial Release revocation. Instead, the restricting of certain travel conditions or rights may be the appropriate response to these issues.

As to the notion that Mr. Watford is a risk of flight, Mr. Watford states that he complied with his responsibilities when traveling from March-

5

September 2013. In fact, Mr. Watford returned to this area and his home in October 2013 after traveling to North Carolina. Mr. Watford has voluntarily and without hesitation appeared for all Court proceedings while on Pretrial Release. Mr. Watford timely appeared in Court on November 14 and 19, 2013 for the Violation Hearings, as ordered by the Court most importantly, the allegations about the use of the credit card do not support or even suggest that Mr. Watford is a risk of flight. The Court could fashion restrictive conditions of release that will ensure Mr. Watford's appearance at all court proceedings, including: restricting Mr. Watford to the southern/Maryland area, without travel outside that area; a curfew where he must be in his home at certain hours; or if necessary and available, electronic monitoring. Further, Mr. Scott could review Mr. Watford's financial activity on a monthly, periodic or other time frame chosen to Mr. Scott.

Appellant meets the second qualification for release in that he does not pose a danger to the safety of any person or the community if released. This offenses alleged are not violent crimes and Mr. Watford's prior history reveals no violent behavior. The subsequent Alleged Use Of Fraudulent Gas Card: At the November 19, 2013 Pretrial Release Violation Hearing, the Government put on the testimony of an FBI agent, who had communicated a Vincent Hill, of Fleetcor Technologies in Norcross, Georgia. Based upon a

6

report of some form of credit card activity prepared by Hill, the FBI agent testified about allegations against Mr. Watford. The FBI agent's testimony was largely Hearsay - based upon the information from Hill. Mr. Scott provided undersigned counsel with Hill's contact information before the November 19, 2013 Hearing. Over the last 90 days, undersigned counsel has contacted Hill repeatedly, asking to speak with him about these allegations. Hill refuses to respond to counsel and explain the basis of his "report".

Further, previous counsel did speak with a gentleman named "Joe", in North Carolina, who the FBI agent mentioned in her testimony. Joe said he did have legitimate business matters with Mr. Watford, but that he did not recall being in Mr. Watford's presence or company in October 2013. Altogether, the allegations of Mr. Watford's alleged use of a false gas card are just that - allegations. It is fundamentally unfair to Mr. Watford to revoke his Pretrial Release based upon allegations, where the alleged "investigator" who prepared the "report" will not communicate with counsel or release information.

Mr. Watford notes for the Court that under 18 U.S.C. Sec. 3142(j); "Presumption of innocence, nothing in this section shall be construed as modifying or limiting the presumption of innocence." Further, the alleged credit card violations do not implicate the standards for risk of flight, or

7

danger to the community. Mr. Watford notes that Magistrate Judge Connelly's November 19, 2013 Order does not make a formal finding that Mr. Watford is a risk of flight or danger to the community, justifying revocation and pretrial detention. Under 18 U.S.C. Sec. 3142(c) and (e), detention is allowed if "[n]o condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community...." Under 18 U.S.C. Sec. 3142(c)(B), a defendant shall be released if "subject to the least restrictive further condition, or combination of conditions, that such person" is not a risk of flight or danger to the community.

In addition it has been well documented that Mr. Watford is a long time businessman how has worked in both Maryland and North Carolina. After serving 8years in the U.S. Army Watford opened his first business Kenny's Specialty Merchandise in 1984. In 1990 he moved to Maryland he opened and electronics repair facility with three locations called Kenny's Electronics. When the increased use of digital products came into being Watford opened Futurenet, a limousine service as well as a grocery store in North Carolina, Auntie M's. The record does not support the revocation of Mr. Watford's Pretrial Release. Under 18 U.S.C. Sec. 3142(c)(B), the Court is required to fashion the least restrictive conditions to ensure Mr. Watford's

8

appearance at all court proceedings. Under 18 U.S.C. Sec. 3145(b), Mr. Watford requests that this Court set a hearing to promptly determine this motion, and to release Mr. Watford under appropriate conditions.

### **CONCLUSION**

Wherefore, the reasons set forth by appellant/defendant, Kenneth Watford requests that he be released pending trial of this matter in the United States District Court with the same restrictions in place prior to the revocation of the defendant's pre-trial release and under the supervision of pre-trial services.

Respectfully submitted,

Law Office of Marc G. Hall, P.C.

By:
_____/S/_____
Marc G. Hall, Esq
200 A Monroe Street, Suite 310
Rockville, Maryland 20850
Attorney for Appellant
301 309-6678

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 25th day of April 2015, a copy of the foregoing **Memorandum in Support of Appeal of Defendant's Detention** was sent via ecf to: Adam Ake, Assistant United States Attorney, District of Maryland.

                                                    /S/
                                        Marc G. Hall
                                        Attorney for Appellant